*1210 ON APPLICATION FOR REINSTATEMENT
PER CURIAM.
I,This proceeding arises out of an application for reinstatement filed by petitioner, John E. Demoruelle, an attorney currently suspended from the practice of law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In In re: Demoruelle, 08-2356 (La.4/24/09), 9 So.3d 94, we imposed a two-year suspension upon petitioner for failing to maintain adequate accounting records for a trust, failing to keep his client informed about the financial status of the trust, failing to obtain approval of the fee he charged as compensation for his duties as trustee, and allowing his professional judgment to be compromised by the requests of other parties. In a separate matter, petitioner failed to communicate with a client, neglected her legal matter, and failed to provide her with an accounting and a refund of any unearned fees.
Petitioner subsequently filed an application for reinstatement with the disciplinary board, alleging he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The ODC took no position regarding the application for reinstatement. Accordingly, the matter was referred for a formal hearing before a hearing committee.
^Following the hearing, the hearing committee recommended that petitioner be reinstated to the practice of law, subject to conditions. Neither petitioner nor the ODC objected to the hearing committee’s recommendation.
After considering the record in its entirety, we will adopt the committee’s recommendation and reinstate petitioner to the practice of law. As found by the committee, the record provides clear and convincing evidence of petitioner’s compliance with the reinstatement criteria. Under these circumstances, petitioner has shown that he possesses the requisite competence, honesty, and integrity to be reinstated to the practice of law. Nevertheless, we find further precautions are warranted to insure that the public will be protected upon petitioner’s return to practice. See Supreme Court Rule XIX, § 24(J).
Accordingly, we will grant the petition for reinstatement and reinstate petitioner to the practice of law, subject to the following conditions:
1. Petitioner shall limit his practice to criminal defense law with the Allen Parish Public Defender’s Program and civil cases involving property matters, successions, and notary work; and
2. A supervising attorney shall monitor petitioner’s law practice for compliance with trust account rules, accounting procedures, and office management.
Any failure of petitioner to comply with these conditions may be grounds for immediately placing him on interim suspension.
DECREE
Upon review of the recommendation of the hearing committee, and considering the record, it is ordered that John E. Demoruelle, Louisiana Bar Roll number 4860, be immediately reinstated to the practice of law in Louisiana, subject |sto the conditions set forth herein. All costs of these proceedings are assessed against petitioner.
HUGHES, J., would deny.